**SIU and ALIITASI of Mapusaga in behalf of their father TINEI SUA, Plaintiffs,**

**v.**

**MAISU PASENE of Vaitogi, Defendant**

No. 4-1958

High Court of American Samoa

Civil Jurisdiction, Trial Division

March 14, 1958

OPINION AND ORDER DISMISSING PETITION

Heard at Fagatogo on February 11, 1958 before MOR-ROW, *Chief Judge*, and APE and MALEPEAI, *Associate Judges*.

Toese, counsel for plaintiffs.

Ufuti, counsel for defendant.

OPINION OF THE COURT

MORROW, *Chief Judge*.

Plaintiffs filed their petition in behalf of their father Tinei Sua praying for an injunction requiring the defendant to remove his house from certain land in Malaeimi near Mapusaga and for further relief.

The defendant put up a small Samoan house in the plantation area of the plaintiffs' father in the land Malaeimi. It is this house which the plaintiffs seek to have removed.

Plaintiffs claim that they and their father are blood-members of the Fanene Family of Nuuuli and that the land on which their plantations and the house are located is communal family land of the Fanene Family, and that such land was assigned to their father by Fanene Tuiloli about 36 years ago for his use as a member of the Fanene Family in accordance with Samoan customs; that their father put in plantations on the area and that he and his family have had the undisturbed use of it for plantation purposes up until the defendant disturbed such use by putting up his house in October 1957.

The defendant claims that the plaintiffs and their father Tinei are not blood-members of the Fanene Family; that he is a blood-member, being the blood son of Fanene Tuiloli; that he and the present Faumuina T. and Fuamatu (also blood-members of the Fanene Family) cut down the big trees on the plantation area over 40 years ago; that plaintiffs' father, who came from Upolu, was a student in a mission school in Mapusaga and later became a missionary; that the father asked Fanene Tuiloli for a place to have plantations for himself and his family and that Fanene Tuiloli assigned him the area presently involved for plantations upon the condition that he was not to plant any coconuts or breadfruit (such planting, if permitted, would indicate a claim of ownership of land); that about a year later, i.e. about 1917 or 1918, the plaintiffs' father asked permission to plant coconuts and breadfruit along with taro, bananas, taamu and the like, and that such permission was granted upon condition that the plaintiffs' father would leave all plantations on the area for the Fanene Family when he should leave Tutuila for Upolu permanently; that the plaintiffs' father went to Honolulu some few years ago and is still there; that the various branches of the Fanene Family consented to the defendant's putting up the house, although the present matai Fanene Penilosa refused to consent.

While the evidence is in conflict it is our opinion that it preponderates in favor of the view that neither the plaintiffs nor their father are blood-members of the Fanene Family. We believe that the weight of the evidence is to the effect that the plaintiffs' father was in the situation of a Samoan pastor when he comes to a village to take charge of a church and that Fanene Tuiloli, upon the father's request, assigned him the plantation area for use of himself and family, first upon condition that he would not plant any coconuts or breadfruit and that about a year later the

father was given permission by Fanene Tuiloli to plant breadfruit and coconuts upon condition that when he returned to Upolu the plantations, including any coconuts and breadfruit, would become the property of the Fanene Family.

The evidence showed that while Fanene Penilosa is the matai of the Fanene Family, he nevertheless is not recognized by his village or Ituau County and that he lives away from the Fanene Family much of the time. In other words, that he runs around and neglects his duties as a matai. Under these circumstance [sic] we think it was not necessary for defendant Pasene to have the consent of the matai to put up the house on what is admittedly Fanene Family land, having first had the consent of the various branches of the Family.

The Court viewed the plantation area and the house in the presence of the defendant and Aliitasi on the day preceding the hearing. It was apparent to the Court that the house located where it is is not injuring the plantations in any way. It was not clear to the Court from the evidence whether plaintiffs' father Tinei has left Tutuila permanently. He may be intending to return from Hawaii and at a later date leave Tutuila permanently for Upolu.

The defendant Pasene is a blood-member of the Fanene Family; the house is located on Fanene Family land and is not injuring the plantations in any way; Pasene had the consent of the various branches of the Fanene Family to put up his house; neither the plaintiffs nor their father are blood-members of the Fanene Family. In view of these findings we think we should not order Pasene to remove his house.

The defendant is not threatening to destroy any of the plaintiffs' plantations. That, of course, he should not do.

Pasene testified as follows:

"Q How about the plantations of Aliitasi?

A Leave her plantations on the other side alone.

Q But you want the plantations to cover about half an acre there, is that it?

A Yes.

Q In other words, you want part of their plantations, that's your object?

A No.

Q You mean you want a house there without plantations?

A I'll have my plantations outside this land.

Q In other words, you want the house only?

A Just the house.

Q Anything else you want to say?

A No."

There was no evidence introduced that Pasene had made any threats to destroy Tinei's plantations. His own testimony above quoted in effect disavows any threats of injury to or destruction of the plantations. Of course, Tinei is entitled to have his plantations free of any damage or injury by Pasene. They are the property of Tinei who during his absence has entrusted them to his children, the plaintiffs. Pasene should not disturb the plantations which are the property of another.

## JUDGMENT

In accordance with the foregoing opinion, the plaintiffs' petition is hereby dismissed.

Costs in the sum of $12.50 are hereby assessed against Aliitasi, the same to be paid within 30 days.